CONRAD GACKI, Petitioner-Appellant, v. LA SALLE NATIONAL BANK, as Trustee, Objector-Appellee.

Second District    No. 2—95—1341

Opinion filed August 12, 1996.

Robert S. Krockey, of Block, Krockey, Cernugel & Cowgill, P.C., of Joliet, for appellant.

Gary L. Taylor and Daniel C. McCabe, both of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Petitioner, Conrad Gacki, appeals the judgment of the trial court denying his petition for a tax deed. The issue on appeal is whether the trial court erred in finding that petitioner failed to exercise due diligence to determine whether Jerome Krych and his wife, as occupants of the property, were entitled to personal service of the petition. We affirm.

On December 10, 1991, petitioner purchased the property at issue at a tax sale for the delinquent 1990 taxes. The legal title to the property was held in La Salle National Bank Trust No. 102249, an Illinois land trust, by the objector, La Salle National Bank, the trustee of the trust. Jerome Krych and his wife were the beneficiaries of the land trust. When the Kryches purchased the property, they did so with the land trustee as the purchaser, and the deed to the trust gave no indication of the identity or the location of its beneficiaries. The deed and all of the tax bills were mailed directly to the land trustee. The Kryches also failed to pay the real estate taxes on the property for the years 1991, 1992, and 1993. Petitioner paid these taxes as subsequent taxes and had them posted to the 1990 sale.

Petitioner caused the county clerk to send the five-month notice to the tax assessee of the property and extended the period of redemption to December 9, 1994. On August 18, 1994, petitioner filed his petition for a tax deed. On August 24, 26, and 31, 1994, petitioner published against unknown owners and parties interested in the property. On August 25, 1994, petitioner notified the trustee of the petition through certified mail, return receipt requested.

At a hearing on the petition, petitioner testified that, prior to filing his petition for a tax deed, he did certain things to ascertain the owners and other parties interested in the property. He checked the public records in the Downers Grove Township assessor's office and the Du Page County recorder's office, examined the deed in trust as well as the mechanic's lien index, state tax lien index, federal tax lien index, *lis pendens* index, judgment index, and the Uniform Commercial Code index. There was no mortgage on the property and none of these searches yielded the identity of the beneficiary of the land trust.

Petitioner further testified that he visited the property several times, including in August and September 1994. The property looked as though the grass had been cut, but he did not know who had cut it. The property had trees and a play structure on it, although petitioner testified that he did not know whether the play structure was on the property in question or on an adjoining lot. Petitioner testified that he never saw any people on the property and that he did not recall seeing a trampoline on the property.

Petitioner testified that he did not personally go to any of the residences in the area of the property in question to find out who, if anyone, was using the property or if they knew who claimed an ownership interest in the property. Petitioner testified that he did not personally serve Jerome Krych or his wife with any notices of the tax deed proceedings.

Jerome Krych testified that he purchased the property in question and the lot to the west of it in 1987. He built his residence on the westerly lot. Krych testified that he keeps a trampoline on the property all of the time except in the winter, when he stores it in his garage. Krych testified that he has paid the taxes on his residence but not on the lot at issue. He testified that he received the tax deed notices from the trustee but did not act on them.

The court took the matter under advisement and asked the parties to submit briefs in support of their positions. On October 11, 1995, the trial court denied the petition for a tax deed on the ground that petitioner had failed to show that he made a diligent effort to obtain personal service on the occupants of the property. Petitioner filed a timely notice of appeal.

■ On appeal, petitioner essentially argues that section 22—15 of the Property Tax Code (35 ILCS Ann. 200/22—15 (Smith-Hurd Supp. 1996)) obviates the requirement that he serve the Kryches personally. Section 22—15 provides in relevant part:

> "When a party interested in the property is a trustee, notice served upon the trustee shall be deemed to have been served upon

any beneficiary or note holder thereunder unless the holder of the note is disclosed of record." 35 ILCS Ann. 200/22—15 (Smith-Hurd Supp. 1996).

We agree with petitioner that, if the Kryches' only interest in the property had been as the beneficiaries of the land trust, notice to the trustee would have been sufficient. However, section 22—15 requires greater notice to the occupants of the property. Occupants of the property must be served by:

"(1) leaving a copy of the notice with the person personally or (2) by leaving a copy at his or her usual place of residence with a person of the family, of the age of 13 years or more, and informing that person of its contents. The person making the service shall also send a copy of the notice by registered or certified mail, return receipt requested, to that party at his or her usual place of residence[.]" 35 ILCS Ann. 200/22—15 (Smith-Hurd Supp. 1996).

The reason that notice to the trustee is usually considered notice to the beneficiary is because the beneficiary is not usually discoverable of record or upon a diligent search. *In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale Against Real Estate Returned Delinquent for the Year 1985*, 216 Ill. App. 3d 162, 171 (1991). Therefore, the best available way to serve the beneficiary is by serving the trustee. However, where the beneficiary is discoverable from public records, he must be served. *In re Application of County Treasurer*, 216 Ill. App. 3d at 171.

■ The best available way to serve an occupant of the property is by personal service. Unlike a mere beneficiary of a land trust, the occupant's identity and address would normally be revealed by a diligent search of the neighborhood. Therefore, section 22—15 requires a tax buyer to make a diligent inquiry to find and personally serve the occupant. 35 ILCS Ann. 200/22—15 (Smith-Hurd Supp. 1996). Moreover, a tax buyer must strictly comply with the notice requirements. See 35 ILCS Ann. 200/22—40 (Smith-Hurd Supp. 1996).

In the present case, the trial court determined that petitioner did not meet his burden of diligence. Generally, diligence is a question of fact and the trial court's determination will not be reversed on appeal unless it is against the manifest weight of the evidence. *In re Application of the County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes and/ or Assessments for the Year 1985 & Prior Years*, 219 Ill. App. 3d 396, 404 (1991).

■ In the present case, petitioner testified that he inspected the property several times and noticed that it had been mowed and that a play structure was built in a location that could have been on the

property. However, he failed to go to any of the houses in the neighborhood, including the Kryches' house directly in front of the property. After carefully reviewing the record, we cannot conclude that the trial court's finding that a diligent inquiry would have revealed that the Kryches occupied the property as their backyard is against the manifest weight of the evidence.

Petitioner next argues that, because Krych admitted that he had actual notice of the petition, the failure to serve him personally as the occupant of the property did not deprive him of notice and an opportunity to be heard. Petitioner cites *People v. Orth*, 21 Ill. 2d 205 (1961), and *People v. O'Keefe*, 18 Ill. 2d 386 (1960), in support of his position. However, in both cases, our supreme court affirmed the trial court's finding of fact regarding diligence. In *Orth*, defendants not only had actual notice of the proceedings but also by their own tactics obtained for themselves some 95 days additional time over and above the redemption period. *Orth*, 21 Ill. 2d at 211. In *O'Keefe*, the trial court found that all of the notices required had been given. Our supreme court found that, in the absence of contrary evidence, it must presume that this finding was based upon satisfactory proof of diligent inquiry. *O'Keefe*, 18 Ill. 2d at 393.

Moreover, as a general matter, if a defendant has not been properly served and does not enter a general appearance, any order which the court enters against him is void *ab initio* regardless of whether the defendant had actual knowledge of the proceedings. *Miller v. Town of Cicero*, 225 Ill. App. 3d 105, 110 (1992). In the present case, the objector called Krych to testify that he never received personal service. However, the record does not indicate that Krych entered a general appearance or raised any issues other than the lack of personal service. Considering the language of the statute, which requires strict compliance with the notice requirements, we cannot conclude that Krych's actual knowledge of the proceedings obviated petitioner's obligation to attempt personal service.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

COLWELL and THOMAS, JJ., concur.