# Illinois Official Reports

## Appellate Court

---

*In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2009*,
**2015 IL App (4th) 140810**

---

| | |
|---|---|
| Appellate Court Caption | In re: the Application of the County Collector for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2009, VINOD C. GUPTA, Petitioner-Appellant, v. RAY ELDRIDGE, JR., Beneficial Owner of Magna Trust Company Land Trust No. 3832 Created by Trust Agreement Dated October 25, 1988, Respondent-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-14-0810 |
| Filed | September 3, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 13-TX-96; the Hon. Albert G. Webber, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Vinod C. Gupta, of Boca Raton, Florida, appellant *pro se*.<br><br>Frank H. Byers II, of Frank H. Byers II, Ltd., of Decatur, for appellee. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Knecht and Turner concurred in the judgment and opinion.


**OPINION**

¶ 1        Petitioner, Vinod C. Gupta, appeals the trial court's denial of his petition for issuance of a tax deed and finding of a sale in error pursuant to section 22-50 of Property Tax Code (Code) (35 ILCS 200/22-50 (West 2012)). He argues the court erred in finding he failed to comply with the relevant statutory requirements for notice to interested parties. Alternatively, petitioner maintains the court should have found a sale in error under a different section of the Code–section 21-310(a)(5) (35 ILCS 200/21-310(a)(5) (West 2012)). We affirm.

¶ 2                                I. BACKGROUND

¶ 3        On November 19, 2010, petitioner purchased real property at a county tax sale for $44,306.26, representing the amount of delinquent 2009 real estate taxes, interest, and fees owed on the property. He received a certificate of purchase which identified the legal description of the property as 1800 East Pershing Road, Lot 1 Dowd's Commercial Park.

¶ 4        On June 17, 2013, petitioner filed a petition seeking an order from the trial court to direct the county clerk to issue him a tax deed to the property. The record reflects he sent "take notices," identifying the property at issue as having been sold for delinquent taxes, to individuals or entities he believed were required to receive such notice under the Code. Specifically, petitioner sent notice to (1) K's Merchandise Mart, Inc. (K's Merchandise), in care of David Kay Eldridge; (2) K's Merchandise, to the attention of Tim Viewig; (3) CT Corporation System, as the registered agent for K's Merchandise; and (4) Gordon Brothers Retail Partners, LLC (Gordon Brothers).

¶ 5        On October 23, 2013, David Kay Eldridge filed a motion to dismiss and objection to issuing a tax deed. He argued petitioner failed to comply with the Code's notice requirements, asserting petitioner sent notice to parties who had no interest in the property at issue and failed to send notice to the parties who did have an interest in the property. David asserted interested parties included (1) Magna Trust Company, Land Trust No. 3832, the record owner of the property; (2) Patricia Kay Eldridge (now known as Patricia Kay Sammons), David Christopher Eldridge, Lynn Eldridge, and Tempest Grader, who held a recorded mortgage on the property; (3) the City of Decatur, which held a weed lien on the property; and (4) Ray Eldridge, Jr., and Tempest Grader, who were tenants and in current possession of the property by virtue of an oral lease. He further alleged that K's Merchandise had been a month-to-month tenant of the property until its tenancy was terminated four years prior. He denied that K's Merchandise had ever been a record owner of the property or had any recorded interest in the property. Finally, he alleged Gordon Brothers was not an interested party in the property, in that it had never been a record owner of the property, never had a recorded interest in the property, and had never been a tenant of the property. David asked the court to sustain his objection to issuing a tax deed and dismiss the petition for a tax deed with prejudice.

¶ 6    On March 5, 2014, Patricia Kay Sammons filed an objection to issuing the tax deed. She also maintained petitioner failed to follow the notice requirements set forth in the Code and raised the same allegations set forth in David Kay Eldridge's motion to dismiss and objection.

¶ 7    On March 7, 2014, the trial court conducted a hearing in the matter. Petitioner appeared on his own behalf and testified he complied with the Code's requirements for issuance of a tax deed. He noted his certificate of purchase showed taxes on the property had been assessed to K's Merchandise. Petitioner testified he sent notice as required by statute and David Kay Eldridge was personally served notice by the sheriff on June 20, 2013. He stated the circuit court clerk also sent a notice addressed to K's Merchandise and David Kay Eldridge by certified mail. He submitted a certified mail return receipt, which he testified was signed by "Mr. Eldridge." Finally, petitioner testified notice of his petition for a tax deed was also published three times in the newspaper.

¶ 8    On cross-examination, petitioner testified he relied on "somebody who was familiar with doing some work for the title companies" to go to the courthouse and retrieve documents related to the property at issue. He acknowledged that for the purpose of filing his petition, he did not personally go to the recorder of deed's office to look for owners of record of the property. Petitioner admitted he did not send any notice of the underlying proceedings to Patricia Kay Sammons, Tempest Grader, Magna Trust Company, Lynn Eldridge, David Christopher Eldridge, or the City of Decatur.

¶ 9    Mary Eaton testified she was the Macon County recorder. She stated the records in her office showed the owner of record of the property at issue was Magna Trust Company, Trust No. 3832. Eaton testified that deed, recorded on November 10, 1988, was the last deed of record for the property. She also noted that a mortgage on the property had been recorded by her office between David Kay Eldridge and Ray Eldridge, Jr., as sole beneficial owners of Trust No. 3832, and mortgage holders Patricia Kay Sammons, David Christopher Eldridge, Lynn Eldridge, and Tempest Grader. Eaton testified that, by her office's records, the mortgage had never been released. David Kay Eldridge submitted a copy of the mortgage into evidence, which showed the mortgage was filed and recorded on April 18, 1991, and was due within five years. Finally, Eaton identified a lien dated July 1, 2013, and claimed by the City of Decatur for cutting weeds on the property. She testified that lien was also recorded in her office.

¶ 10    Laura Wheeling testified she was a mapping specialist for the Macon County supervisor of assessments' office. She testified her office mailed notices of assessments and agreed the records in her office showed that, for the property at issue, "the mailing address is K's Merchandise." Wheeling further agreed that the mailing address documented in the supervisor of assessments' office did not necessarily reflect the owner of record for a particular property. Rather, she acknowledged that, to find the owner of record, one would have to go to the recorder of deeds' office. On cross-examination, Wheeling agreed that 2008 and 2009 tax bills submitted by petitioner were also directed to K's Merchandise.

¶ 11    Tempest Grader testified she held a mortgage on the property at issue along with her sister and cousins. She stated that, until recently, she received regular payments on the mortgage. Grader's understanding was that her father and uncle, who were the beneficial owners of the land trust, sold the property on contract to Tim Viewig, who did not make the necessary mortgage and tax payments on the property. Grader testified she continued to view the mortgage as valid and active and asserted it had not been released. Further, she stated that,

although she had lived at the same address for the previous 14 years, she did not receive any notices from petitioner regarding the underlying proceedings.

¶ 12 Patricia Sammons testified she was a mortgage holder on the property at issue and filed an objection to petitioner's request for a tax deed. She denied ever receiving notice of the underlying proceedings from petitioner. Sammons testified that for many years she received monthly payments on the mortgage in the amount of $1,000. She noted that "a few years ago," the property was sold to Tim Viewig on contract and he quit making payments. However, Sammons still considered the mortgage on the property to be valid and active. She further agreed that the mortgage identified David Kay Eldridge and Ray Eldridge, Jr., as the sole beneficial owners of Land Trust No. 3832. To her knowledge, they continued to remain the sole beneficial owners. Sammons also testified that, as of 2007, the address identified in the mortgage as the address where mortgage payments were to be made was no longer a valid address.

¶ 13 David Kay Eldridge testified that he and his brother, Ray Eldridge, Jr., were the beneficial owners of a land trust at the Magna Trust Company, identified as Trust No. 3832. He stated the trust had been in existence since 1988 and owned the property at issue. In 1991, he and Ray took out a mortgage from Tempest Grader, Lynn Eldridge, Christopher Eldridge, and Patricia Sammons. David testified they made payments of $1,000 per month on the mortgage to each of those individuals until the property was sold on contract to Tim Viewig. He stated Viewig was also supposed to pay the taxes on the property. At some point, he learned Viewig had stopped making payments. David testified that when he received notice of the underlying proceedings, he was in the process of trying to get Viewig to make his payments.

¶ 14 Following the parties' arguments, the trial court stated it agreed with petitioner's contention that the City of Decatur, which held a weed lien on the property, was not "a necessary party" due to a provision of the Code which prevented issuance of a tax deed unless the city's lien was paid off. See 35 ILCS 200/22-35 (West 2012) ("[A]n order for the issuance of a tax deed *** shall not be entered affecting the title to or interest in any property in which a city *** has an interest under the police and welfare power by advancements made from public funds, until the purchaser or assignee makes reimbursement to the city *** of the money so advanced or the city *** waives its lien on the property for the money so advanced."). However, as to the remaining issues, the court asked both parties to submit memoranda of law within 45 days, after which it would issue a written order.

¶ 15 On April 21, 2014, David Kay Eldridge filed his memorandum. He, again, maintained petitioner failed to follow the notice requirements set forth in the Code. Specifically, David argued petitioner failed to conduct a diligent inquiry to determine the parties entitled to notice, *i.e.*, "owners, occupants, and parties interested in the property" as set forth in section 22-10 of the Code (35 ILCS 200/22-10 (West 2012)).

¶ 16 On April 22, 2014, petitioner filed his memorandum. He asserted he relied on records from the supervisor of assessments' office and the Macon County treasurer's office when determining the appropriate parties to notify. Petitioner asserted assessment notices were mailed to K's Merchandise and tax bills identified K's Merchandise as the owner of the property. Additionally, he argued Magna Trust Company was not entitled to notice because it had been dissolved on November 14, 1997, and no longer existed. Petitioner attached a printout from the Illinois Secretary of State's website, which contained the heading "CORPORATION FILE DETAIL REPORT" and identified the "status" of Magna Trust

Company as "dissolved." Petitioner further asserted Ray Eldridge, Jr., was not entitled to notice because he was not a record owner of the property and documents identified him merely as a beneficiary of the trust. Finally, he argued Patricia Sammons was not entitled to notice of the underlying proceedings because the recorded mortgage showed the mortgage was executed by the beneficial owners of the trust, who had no authority to mortgage the property. Petitioner maintained that "[s]ince Magna Trust Company, as Trustee[,] did not execute the mortgage, the said mortgage is not valid and has no binding effect."

¶ 17    Finally, Petitioner argued that, in the event the trial court determined he was not entitled to a tax deed, it should find a sale in error under section 22-50 of the Code (35 ILCS 200/22-50 (West 2012)). Petitioner maintained such a finding was appropriate because he made a *bona fide* attempt to comply with statutory requirements.

¶ 18    On April 29, 2014, the trial court made a lengthy docket entry setting forth its decision in the matter. Ultimately, the court sustained the objections of David Kay Eldridge and Patricia Kay Sammons to the petition for issuance of a tax deed and declared a sale in error pursuant to section 22-50 of the Code (35 ILCS 200/22-50 (West 2012)). In reaching its decision, the court stated as follows:

> "Here, the Petitioner relied on mailing addresses used by the county assessor and county clerk, rather than the records of the recorder's office to determine the identity of parties interested in the real estate. This result is [*sic*] one interested party–David Kay Eldridge–receiving actual notice of the tax delinquency and petition for issuance of a tax deed."

The court found strict adherence to statutory notice requirements was necessary before a tax deed could be issued and petitioner's "[f]ailure to send notice to interested parties of record–Magna Trust Company and the mortgagees–prevent[ed]" it from granting his petition.

¶ 19    With respect to specific issues raised by the parties at the hearing and in the memoranda of law, the trial court additionally stated as follows:

> "Even though Magna Trust Company was dissolved, diligent inquiry could reveal its successor in interest. On the other side of the coin, careful beneficial owners would cause a notice of successor land trustee to be recorded to protect their chain of title. Likewise, Magna Trust Company would have been the proper mortgagor, not the beneficial owners who had no record title. This potential defect addresses the nature of the security interest provided by the mortgage, but does not excuse a failure to notify the mortgagees named on it. Again, careful mortgagees might have recorded a notice of a new address, especially given the fact of the defaulted agreement for deed. In summary, both sides failed to take all necessary and prudent steps to protect their interests. Given this fact, and actual notice of all proceedings received by David Kay Eldridge, and the close business and personal relationship of him to the other interested parties, the record before the Court does support a conclusion that the Petitioner made a *bona fide* attempt to comply with statutory notice requirements, but failed to strictly comply with them."

¶ 20    At the conclusion of its docket entry, the trial court directed petitioner to prepare an order declaring a sale in error, which petitioner failed to do. Instead, on June 13, 2014, petitioner filed a motion to modify and for reconsideration and rehearing. He again argued he was entitled to issuance of a tax deed. Alternatively, petitioner asked the court to modify its decision and find a sale in error pursuant section 21-310(a)(5) of the Code (35 ILCS

- 5 -

200/21-310(a)(5) (West 2012)), which provides that a court may declare a sale in error when "the assessor, chief county assessment officer, board of review, board of appeals, or other county official has made an error." That section also provides for refund of the amount paid to the owner of a certificate of purchase along with "any interest and costs." 35 ILCS 200/21-310(d) (West 2012). Petitioner argued that although the recorder's office identified the owner of the property at issue as Magna Trust Company, the Macon County treasurer's records identified K's Merchandise as the owner of the property, the tax sale certificate issued by the Macon County clerk identified the property as being "assessed to" K's Merchandise, and the assessor sent assessment notices to K's Merchandise.

¶ 21    On August 18, 2014, the trial court conducted a hearing on petitioner's motion to modify and for reconsideration and rehearing. Ultimately, the court denied petitioner's motion. The same date, it entered an order denying issuance of a tax deed based on petitioner's failure to comply with statutory requirements and declaring a sale in error pursuant to section 22-50 of the Code (35 ILCS 200/22-50 (West 2012)).

¶ 22    This *pro se* appeal followed.

¶ 23                              II. ANALYSIS

¶ 24    On appeal, petitioner first argues the trial court erred in denying his petition for issuance of a tax deed on the basis that he failed to comply with the Code's notice requirements. He maintains that Magna Trust Company; David Kay Eldridge and Ray Eldridge, Jr., as beneficial owners of the land trust; and the mortgagees were not entitled to notice of the underlying proceedings.

¶ 25    The Code sets forth various notice requirements for obtaining a tax deed. Pursuant to section 22-5 of the Code (35 ILCS 200/22-5 (West 2012)), within 4 months and 15 days after a tax sale, the tax purchaser must "deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed." The notice–entitled "TAKE NOTICE"–advises the recipient that the specified property has been sold for delinquent taxes, the amount which must be paid to redeem the property, the date upon which the redemption period will expire, and that a petition for issuance of a tax deed transferring title and right to possession of the property will be filed if redemption is not made. 35 ILCS 200/22-5 (West 2012).

¶ 26    Further, to be entitled to a tax deed, section 22-10 of the Code (35 ILCS 200/22-10 (West 2012)) requires a tax purchaser to send a take notice to "owners, occupants, and parties interested in the property, including any mortgagee of record." Such notices must be given "not less than 3 months nor more than 6 months prior to the expiration of the period of redemption" and must give "notice of the sale and the date of expiration of the period of redemption." 35 ILCS 200/22-10 (West 2012).

¶ 27    The Code provides for service of the take notice "(i) personally by the sheriff; (ii) by registered or certified mail with return receipt requested; and (iii) by three publications in a local newspaper." *In re Application of the County Treasurer & ex officio County Collector*, 2015 IL App (1st) 133693, ¶ 33, 33 N.E.3d 248 (citing 35 ILCS 200/22-15, 22-20, 22-25 (West 2012)). Finally, "within 6 months but not less than 3 months prior to the expiration of the redemption period for property sold pursuant to judgment and order of sale *** the purchaser *** may file a petition in the circuit court *** asking that the court direct the county clerk to issue a tax deed if the property is not redeemed from the sale." 35 ILCS 200/22-30

(West 2012). "Notice of filing the petition and the date on which the petitioner intends to apply for an order on the petition that a deed be issued if the property is not redeemed shall be given to occupants, owners[,] and persons interested in the property ***." 35 ILCS 200/22-30 (West 2012).

¶ 28 "It is well established a tax purchaser must strictly comply with the statutory notice requirements and such notice provisions are to be 'rigidly enforced.' " *In re Application of the Douglas County Treasurer & ex officio County Collector*, 2014 IL App (4th) 130261, ¶ 34, 5 N.E.3d 214 (quoting *In re Application of the County Treasurer & ex officio County Collector*, 403 Ill. App. 3d 985, 990, 935 N.E.2d 570, 574 (2010)) (hereinafter *Ballinger*). "The petitioner for a tax deed carries the burden of demonstrating that it complied with the Code and provided the requisite notice." *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 44, 955 N.E.2d 669 (hereinafter *Glohry*).

¶ 29 "The *** Code requires the tax purchaser to conduct a 'diligent inquiry' to locate property owners and interested parties." *Ballinger*, 2014 IL App (4th) 130261, ¶ 42, 5 N.E.3d 214. "[A] 'diligent inquiry' is an inquiry 'as full as the circumstances of the situation will permit.' " *Ballinger*, 2014 IL App (4th) 130261, ¶ 34, 5 N.E.3d 214 (quoting *Liepelt v. Baird*, 17 Ill. 2d 428, 432-33, 161 N.E.2d 854, 858 (1959)). Further, it "is that inquiry which a diligent person who is intent on discovering a fact would reasonably make." *Glohry*, 2011 IL App (1st) 101966, ¶ 44, 955 N.E.2d 669. "Illinois courts have held 'a tax purchaser has failed to act with minimal diligence if he has not made reasonable efforts to notify all persons whose interest may reasonably be inferred from the public records regarding the property's ownership.' " *Ballinger*, 2014 IL App (4th) 130261, ¶ 42, 5 N.E.3d 214 (quoting *Glohry*, 2011 IL App (1st) 101966, ¶ 44, 955 N.E.2d 669).

¶ 30 "Whether the purchaser's actions are sufficient to comprise due diligence in determining the identities of, and providing notice to, those who hold an interest in the property is a question of fact." *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 213, 780 N.E.2d 1113, 1127 (2002). The trial court's determination as to diligence "will not be reversed on appeal unless it is against the manifest weight of the evidence." *Gacki v. La Salle National Bank*, 282 Ill. App. 3d 961, 964, 669 N.E.2d 936, 938 (1996); see also *In re Application of the Cook County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1987 & Prior Years*, 271 Ill. App. 3d 12, 15, 648 N.E.2d 153, 156 (1995) ("Because diligence is a question of fact, the trial court's determination will only be reversed if it is against the manifest weight of the evidence.").

¶ 31 In this case, the record reflects petitioner relied on records from the assessor's office and the treasurer's office when determining which parties were entitled to notice under the Code. He neither discovered nor investigated the parties who held interests in the property as shown by the records of the Macon County recorder's office. Those records identified Magna Trust Company, Trust No. 3832 as the owner of the property and reflected a recorded mortgage on the property held by several individuals. Additionally, the mortgage document filed with the recorder's office identified David Kay Eldridge and Ray Eldridge, Jr., "as the sole beneficial owners" of the land trust. Because Magna Trust Company, the beneficial owners of the land trust, and the mortgagees all had interests reflected in the public records regarding the property at issue, petitioner was required to make reasonable efforts to notify those parties. The record here reflects no such effort and, thus, a lack of even minimal diligence.

¶ 32    Petitioner contends that, although Magna Trust Company held the last recorded deed for the property, the company was dissolved in 1997, and he could not send notice to an entity that no longer existed. Petitioner asserts "Magna Trust Company was not served because it was dissolved." However, as the trial court found, "[e]ven though Magna Trust Company was dissolved, diligent inquiry could [have] reveal[ed] its successor in interest." The record indicates petitioner was not aware of Magna Trust Company's recorded interest in the property until after the objections to his petition for issuance of a tax deed were filed. It further shows he made no inquiry or investigation into that interest. In particular, he made no attempt to find a successor in interest. Given these circumstances, the court's determination that petitioner failed to make a diligent inquiry to locate property owners and interested parties was not against the manifest weight of the evidence.

¶ 33    Petitioner further argues neither David Kay Eldridge nor Ray Eldridge, Jr., was entitled to notice under the Code because they were "merely beneficiaries of the trust" and did not hold record title. However, "[i]nterested parties–whether legal owners or land trust beneficiaries–whose names and addresses can readily be ascertained from public records have a constitutional right to notice of tax deed proceedings, and the failure of the tax sale purchaser to consult the public records to make this determination constitutes a lack of diligence." *In re Application of the County Collector*, 397 Ill. App. 3d 535, 545, 921 N.E.2d 462, 472-73 (2009); see also *In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale Against Real Estate Returned Delinquent for the Year 1985*, 216 Ill. App. 3d 162, 171, 576 N.E.2d 255, 262 (1991) (holding land trust beneficiaries were entitled to notice where their names were ascertainable from the public record and their addresses "were obtainable either from the public documents themselves or from telephone directories").

¶ 34    Both David Kay Eldridge and Ray Eldridge, Jr., were identified as beneficial owners of the land trust in the mortgage document recorded in the recorder's office. The record shows David Kay Eldridge was served with notice of the underlying proceedings but reflects no effort by petitioner to notify Ray Eldridge, Jr. Petitioner argues a certified return receipt (submitted at the March 2014 hearing as petitioner's exhibit F) contains the signature of Ray Eldridge, Jr., indicating he was served with notice. However, that return receipt shows it was addressed to K's Merchandise and to the attention of David Kay Eldridge. Upon review by this court, the return receipt appears to contain the signature of "Kay Eldridge" and not Ray Eldridge, Jr. Additionally, during the March 2014 hearing in the matter, David Kay Eldridge's testimony indicated it was his signature on the return receipt that petitioner references on appeal. The following colloquy occurred between David Kay Eldridge and his attorney:

"Q. And at the time you signed for a notice from [petitioner], the signature card on the–which is his Exhibit F, page 1, you were in the process of trying to get Mr. Viewig to–pay up his payments?

A. Correct."

¶ 35    The record shows petitioner could have inferred from public records that Ray Eldridge, Jr., had an interest in the property at issue as he was identified by name as a beneficial owner of the land trust in the mortgage document filed with the recorder's office. Again, petitioner's failure to make any effort to notify Ray Eldridge, Jr., of the underlying proceedings indicates the lack of a diligent inquiry by petitioner and, thus, a failure to comply with the Code's notice provisions.

¶ 36    Finally, petitioner argues the mortgagees, including Patricia Sammons, were not entitled to notice. Initially, he argues the mortgagees did not hold a valid mortgage because the mortgage was not executed by the owner of the property. He points out that the mortgage document identified David Kay Eldridge and Ray Eldridge, Jr., as the mortgagors but contends that, as beneficial owners of the trust, neither individual had an ownership interest in the property or, consequently, the authority to mortgage the property.

¶ 37    A land trust is defined as any trust arrangement under which the trustee holds the legal and equitable title to real estate while "the interest of the beneficiary of the trust is personal property." 735 ILCS 5/15-1205 (West 2012). Additionally, "the beneficiary or any person designated in writing by the beneficiary has (i) the exclusive power to direct or control the trustee in dealing with the title to the trust property, (ii) the exclusive control of the management, operation, renting and selling of the trust property and (iii) the exclusive right to the earnings, avails and proceeds of the trust property." 735 ILCS 5/15-1205 (West 2012). In the context of a land trust, "[t]he trustee's interest is in the title to the real estate and if the beneficiary wishes to deal with that title, he must do so through the trustee." *Schneider v. Pioneer Trust & Savings Bank*, 26 Ill. App. 2d 463, 466, 168 N.E.2d 808, 809 (1960).

¶ 38    Here, we find merit in petitioner's contention that the beneficial owners of the trust lacked authority to mortgage the property. In this case, only the trustee of the land trust held legal and equitable title to the property and, therefore, the trustee was the one with authority to execute the mortgage.

¶ 39    Nevertheless, we do not find such reasoning dispositive of the issues presented by this case. The Code expressly provides that, to be entitled to a tax deed, a tax purchaser must send notice to "owners, occupants, and parties interested in the property, *including any mortgagee of record*." (Emphasis added.) 35 ILCS 200/22-10 (West 2012). The mortgage at issue on appeal was recorded and petitioner does not cite any authority for the proposition that a tax purchaser may refuse to send notice to mortgagees of record whom the tax purchaser unilaterally determines hold no valid mortgage. With respect to this issue the trial court stated as follows:

> "Magna Trust Company would have been the proper mortgagor, not the beneficial owners who had no record title. This potential defect addresses the nature of the security interest provided by the mortgage, but does not excuse a failure to notify the mortgagees named on it."

We agree with the trial court's observation. Even if the mortgage was later judicially determined to be invalid, at the time petitioner served the take notice, it was incumbent on him to serve any *nominal* mortgagee of record. Here such nominal mortgagees of record included Patricia Kay Sammons, David Christopher Eldridge, Lynn Eldridge, and Tempest Grader. Moreover, in this case, petitioner did not discover the recorded mortgage or conduct any investigation into the interests of the mortgagees until after the objections to his petition were filed. Once again, such circumstances evidence a lack of diligence by petitioner.

¶ 40    Petitioner further argues that, even if the mortgagees held a valid mortgage, "the statute of limitations to commence an action expired." He cites section 13-115 of the Code of Civil Procedure (735 ILCS 5/13-115 (West 2012)), which provides that "[n]o person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage, unless within 10 years after the right of action or right to make such sale accrues."

We find section 13-115 involves circumstances wholly unrelated to the proceedings at issue as it concerns proceedings to foreclose a mortgage.

¶ 41    Finally, to the extent petitioner argues he complied with the Code's requirements because the notices he published in the newspaper were sufficient to give all necessary parties constructive notice of the underlying proceedings, we disagree. "Notice by publication in tax deed proceedings is authorized only to those owners and interested parties who upon diligent inquiry cannot be found and personally served." *In re Application of Hamilton County Treasurer*, 96 Ill. App. 3d 158, 161, 420 N.E.2d 1179, 1182 (1981). Further, this court has previously rejected the contention that publication notice cures a tax purchaser's failure to conduct a diligent inquiry. *Ballinger*, 2014 IL App (4th) 130261, ¶ 47, 5 N.E.3d 214. Thus, petitioner's failure to perform a diligent inquiry in the instant case is not excused by the notices he published in the newspaper.

¶ 42    The circumstances of this case support the trial court's conclusion that petitioner failed to conduct a diligent inquiry into the parties requiring notice under the Code. The court's finding as to diligence was not against the manifest weight of the evidence. Further, because petitioner failed to conduct a diligent inquiry and comply with the Code's notice requirements, he was not entitled to issuance of a tax deed.

¶ 43    On appeal, petitioner alternatively argues he was entitled to a sale in error pursuant to section 21-310(a)(5) of the Code (35 ILCS 200/21-310(a)(5) (West 2012)), rather than section 22-50 of the Code (35 ILCS 200/22-50 (West 2012)) as determined by the trial court.

¶ 44    Section 22-50 of the Code (35 ILCS 200/22-50 (West 2012)) provides as follows:

> "If the court refuses to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, and if the purchaser, or his or her assignee has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed, then upon application of the owner of the certificate of purchase the court shall declare the sale to be a sale in error."

Alternatively, section 21-310(a)(5) of the Code (35 ILCS 200/21-310(a)(5) (West 2012)) permits a court to declare a sale in error when "the assessor, chief county assessment officer, board of review, board of appeals, or other county official has made an error (other than an error of judgment as to the value of any property)." "If a sale is declared to be a sale in error [pursuant to section 21-310], *** the county collector shall, on demand of the owner of the certificate of purchase, refund the amount paid, pay any interest and costs ***." 35 ILCS 200/21-310(d) (West 2012).

¶ 45    Petitioner argues that "[t]he assessor and other county officials" made errors because, although records from the Macon County recorder's office identified Magna Trust Company as the owner of the property at issue, "other county departments erroneously show that [K's Merchandise] is the owner." He notes that the certificate of purchase issued to him after the tax sale stated the property was "assessed to" K's Merchandise, the assessor's office sent assessment notices to K's Merchandise, and the treasurer's office identified the owner of the property as K's Merchandise.

¶ 46    We find petitioner has failed to demonstrate any error by county officials. Nothing in the record reflects any error in designating K's Merchandise as the entity to whom taxes were assessed or to whom tax bills were mailed. As the trial court noted when addressing

petitioner's posthearing motion, "tax bills may go to only one of multiple owners of property" or "be mailed to persons or entities who have no ownership interest in a piece of property." Further, contrary to petitioner's assertions on appeal, Laura Wheeling, a mapping specialist for the Macon County supervisor of assessments' office, agreed that the mailing address documented in the supervisor of assessments' office did not necessarily reflect the owner of record for a particular property. Given these circumstances, the court committed no error in finding petitioner was not entitled to a sale in error pursuant to section 21-310(a)(5) of the Code.

¶ 47                                    III. CONCLUSION
¶ 48          For the reasons stated, we affirm the trial court's judgment.

¶ 49          Affirmed.