2020 IL App (2d) 190856-U
No. 2-19-0856
Order filed September 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF KANE COUNTY for General Taxes for the Year 2014 | ) ) ) ) ) ) | Appeal from the Circuit Court of of Kane County.<br><br><br><br>No. 18-TX-59 |
| (Chicago Trust Company, UTA SBL-4158, Petitioner-Appellant and Cross-Appellee, v. Heaven Nanuz, Respondent-Appellee and Cross-Appellant). | ) ) ) ) ) | Honorable Thomas C. Hull III, Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Petitioner, which purchased property at a tax sale, did not make a diligent inquiry to locate respondent, the owner, to serve her with notice of intent to apply for a tax deed.  Once petitioner learned that respondent was not living at the property, petitioner should have searched for respondent's name in civil and criminal records in the database maintained by the same clerk's office in which petitioner filed its petition for a tax deed.

¶ 2    Petitioner, Chicago Trust Company, UTA SBL-4158, appeals the trial court's order finding that it failed to make a diligent inquiry under section 22-15 of the Property Tax Code (Code) (35 ILCS 200/22-15 (West 2018)) to notify respondent, Heaven Nanuz, of its petition for a tax deed.

Petitioner argues that the trial court erred in finding that it was required to search criminal records to locate respondent. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4      In May 2018, petitioner's predecessor in interest, Faik Properties, LLC, filed a take notice and petition for a tax deed after purchasing property owned by respondent at a tax sale. Faik Properties attempted service at the address of the property, but the sheriff's deputy reported being told on July 13, 2018, that respondent "no longer lives here per Ex-husband." The affidavit of service further stated that respondent "was not served/found in Kane County, Illinois." On that same date, a copy was left at the property with John Nanuz, who was listed as a "family member."

¶ 5      Respondent objected on several grounds to the issuance of a tax deed. She argued that she was never served with the take notice and that petitioner did not make a diligent inquiry to locate her. She also objected that petitioner did not notify certain interested parties, *i.e.*, Bydsom, Inc., a subsequent tax buyer; the State of Illinois, a tax lienholder; and Cambridge Lakes, a judgment creditor. Finally, she claimed that the take notice was insufficient because it failed to include postage fees in the total amount required for redemption. In January 2019, Faik Properties assigned its interest to petitioner.

¶ 6      At the hearing on the objections, respondent testified that she was not residing at the property in July 2018 but had been removed from the house because of a criminal matter and was residing with her sister. Her father, John Nanuz, and her fiancé remained in the house. She was not allowed to speak with her fiancé and was not on speaking terms with her father. She testified that her attorney at the time knew how to contact her. She was unaware that the taxes were not being paid, because she believed that her parents were paying them. She was never served with the take notice and petition and only learned of them when she attempted to sell the house.

¶ 7 John Nanuz testified that a Kane County sheriff's deputy gave him documents but that he did not give them to anyone. Respondent's fiancé testified that he told the deputy that respondent did not live there anymore. The record indicates that Faik Properties did only a title search to attempt to locate respondent.

¶ 8 In a written order, the trial court found that petitioner failed to make a diligent inquiry to notify respondent of the petition for a tax deed. The court noted that a petitioner for a tax deed must make a diligent inquiry using public records and an Internet search. The court then listed some of the public information that was available through a "simple search" of respondent's name in the database maintained by the Kane County Clerk's Office. The search showed, for instance, that before the petition was filed, respondent had been arrested, charged with domestic battery, and ordered to stay away from the property. Respondent appeared in court multiple times before and after the petition was filed. The available information also included the addresses not only of respondent's attorney but also respondent's sister, who had posted bond for her. The court recognized that it might be unreasonable in some circumstances to expect a tax deed petitioner to search criminal records to locate a homeowner. However, in this case the expectation was reasonable because the homeowner's criminal records were maintained by the same clerk's office where the petition for a tax deed was filed. A search of respondent's name in the clerk's database would have yielded sufficient information to locate respondent. The court concluded that a diligent inquiry would have included the database search.

¶ 9 The court declined to rule on respondent's remaining objections to the issuance of a tax deed. Petitioner appeals and respondent cross-appeals.

¶ 10                                    II. ANALYSIS

¶ 11   Petitioner contends that the trial court erred as a matter of law by requiring it to search criminal records.  Petitioner also argues that substitute service on John Nanuz was sufficient.

¶ 12   "The Code sets forth various notice requirements for obtaining a tax deed."  *In re Application of County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for Year 2009*, 2015 IL App (4th) 140810, ¶ 25 (hereinafter *Gupta*).  Under section 22-5 of the Code, after a tax sale, the purchaser must deliver to the county clerk a take notice advising the recipient that the specified property has been sold for delinquent taxes and that a petition for issuance of a tax deed transferring title and right to possession of the property will be filed if redemption is not made.  *Id.*; 35 ILCS 200/22-5 (West 2018).  The notice must include the amount required to redeem the property and the expiration date of the redemption period.  *Id.*; 35 ILCS 200/22-5 (West 2018).

¶ 13   The primary purpose of the tax-deed system is to coerce tax-delinquent property owners to pay their taxes, not to assist others in depriving the owners of their property.  *In re Application of Skidmore*, 2018 IL App (2d) 170369, ¶ 14.  To be entitled to a tax deed, section 22-10 of the Code requires the purchaser to send the take notice to the "owners, occupants, and parties interested in the property, including any mortgagee of record." 35 ILCS 200/22-10 (West 2018).  The Code further provides that the purchaser "shall give the notice required by Section 22-10 by causing it to be published in a newspaper as set forth in Section 22-20.  In addition, the notice shall be served by a sheriff *** upon owners who reside on any part of the property sold by leaving a copy of the notice with those owners personally."  *Id.* § 22-15.  The same form of notice must also be served "upon all other owners and parties interested in the property, if upon diligent inquiry they can be found in the county, and upon the occupants of the property."  *Id.*

"If any owner or party interested, upon diligent inquiry and effort, cannot be found or served with notice in the county *** and the person in actual occupancy and possession is tenant to, or in possession under the owners or the parties interested in the property, then service of notice upon the tenant, occupant or person in possession shall be deemed service upon the owners or parties interested." *Id.*

In addition, within specified time frames before the expiration of the redemption period for property sold, the purchaser may file a petition asking the court to direct the county clerk to issue a tax deed if the property is not redeemed. *Id.* § 22-30. Notice of the filing of the petition "shall be given to occupants, owners[,] and persons interested in the property." *Id.* § 22-30.

¶ 14 A tax purchaser must strictly comply with the notice requirements, and those provisions are rigidly enforced. *Gupta*, 2015 IL App (4th) 140810, ¶ 28. The tax deed petitioner carries the burden of demonstrating that it complied with the Code and provided the required notice. *Id.* " 'Whether the purchaser's actions are sufficient to comprise due diligence in determining the identities of, and providing notice to, those who hold an interest in the property is a question of fact.' " *Id.* ¶ 30 (quoting *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 213 (2002)). "The trial court's determination as to diligence 'will not be reversed on appeal unless it is against the manifest weight of the evidence.' " *Id.* (quoting *Gacki v. La Salle National Bank*, 282 Ill. App. 3d 961, 964 (1996)).

¶ 15 A "diligent inquiry" is an inquiry " 'as full as the circumstances of the situation will permit.' " *Id.* ¶ 29 (quoting *In re Application of the Douglas County Treasurer & ex officio County Collector*, 2014 IL App (4th) 130261 ¶ 34 (hereinafter *Ballinger*) It " 'is that inquiry which a diligent person who is intent on discovering a fact would reasonably make.' " *Id.* ¶ 29 (quoting

*In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 44).

¶ 16    The Fourth District has held that a tax purchaser fails to perform a diligent inquiry if he or she does not make reasonable efforts to notify all persons whose interest may reasonably be inferred from the public records regarding the property's ownership. *Ballinger*, 2014 IL App (4th) 130261, ¶ 42. "While 'an exhaustive list' covering every possible scenario might be desirable, the [Code] gives tax purchasers the ability to determine what is required in a given situation. Some cases may only require a quick investigation while others may require more effort and shoe leather." *Id.* ¶ 45. "A tax purchaser need not conduct an open-ended search (citation), but all cases require a tax purchaser to pursue all lines of inquiry open to him. These lines of inquiry include sources such as probate records, public directories, voter registration records, and visiting the property." *Id.* "In our contemporary, technologically connected society, a diligent individual would undoubtedly utilize the Internet—with its enormous reach and nearly instant results—to locate property owners and addresses." *Id.*

¶ 17    Petitioner, in arguing that it performed a diligent inquiry to locate respondent, focuses on its efforts to ascertain the property owner. Petitioner notes that its title search showed respondent as the owner living at the property address as of the date that the petition was filed. Petitioner argues that, because a search of criminal records would not have ascertained the owners, occupants, and parties interested in a property, the trial court erred as a matter of law by requiring that petitioner search such records. But the Code required more than simply ascertaining that respondent was an owner and interested party. It also required service of notice on her and did not allow for notice by publication or service on a substitute party unless she could not be found by diligent inquiry and effort. Further, the court did not hold that a tax purchaser must search the

criminal records as a matter of law. Instead, it addressed the factual issue of whether petitioner's failure to do so under the circumstances demonstrated the lack of a diligent inquiry.

¶ 18    Petitioner erroneously relies on *In re Application of County Collector for Judgment Order of Sale Against Lands & Lots Forfeited for Nonpayment of General Taxes & Special Assessments for the Year 1985 and Prior Years*, 220 Ill. App. 933, 939 (1991), where the court held that a tax purchaser, having once fulfilled its search and obligations, need not update its search to discover persons with interests in the property that were subsequently recorded. Petitioner does not claim that it failed to discover respondent's identity when it conducted its initial search for persons with interests in the property. The issue, rather, is petitioner's search for respondent's whereabouts.

¶ 19    In that regard, petitioner did not present evidence of any attempt to locate respondent other than through conducting a title search. The law is clear that a tax deed petitioner must do more than simply ascertain the owner's identity. Moreover, the record is clear that the sheriff was told that respondent no longer lived at the property. Nothing shows that petitioner utilized the Internet, public directories, or other sources to attempt to locate respondent. The trial court, after hearing evidence, noted that it might be unreasonable in some cases to expect a petitioner to search criminal records to locate a property owner, yet in this particular case, where the criminal records were maintained by the same clerk's office where the petition for a tax deed was filed, "a diligent inquiry would require the Petitioner to run the Homeowners name in the Circuit Clerk's database." The court further found that, had a diligent inquiry been made, a great deal of information would have been found by which to locate respondent. The court's determination was not against the manifest weight of the evidence.

¶ 20    Petitioner also argues that the court erred because the record shows that substitute service was perfected when the notice was left with John Nanuz. But the Code does not allow substitute

service unless the property owner cannot be found after a diligent inquiry. 35 ILCS 200/22-10 (West 2018). As previously discussed, the trial court did not err in finding a lack of a diligent inquiry.

¶ 21 Respondent filed a cross-appeal challenging the trial court's denial of her remaining objections. Because the trial court granted her relief on the issue of service of notice, it declined to address the remaining objections. Likewise, because we affirm on the basis of lack of service, we need not, and do not, address the remaining objections, as they are moot.

¶ 22                                    III. CONCLUSION

¶ 23 For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 24 Affirmed.