2022 IL App (1st) 200280-U
No. 1-20-0280

FIRST DIVISION
July 25, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER OF COOK COUNTY, ILLINOIS | ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Adrianne White, | ) ) | |
| Petitioner-Appellee, | ) ) | No. 18 COTD 003849 |
| v. | ) ) | |
| Alvin Brooks, | ) ) | |
| Respondent-Appellant). | ) ) ) | The Honorable Patrick T. Stanton, Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

*Held*: We reject respondent-appellant's arguments that petitioner-appellee should not have been granted a tax deed due to alleged defects in petitioner's notices under sections 22-10 and 22-25 of the Property Tax Code (35 ILCS 200/22-10, 22-25 (West 2018)), or because petitioner-appellee failed to serve an interested party. We thus affirm the denial of respondent-appellant's motion for summary judgment, as well as the subsequent orders overruling respondent's additional objections, granting the tax deed, and denying respondent's motion to reconsider.

¶ 1 Petitioner-appellee Adrianne White petitioned for and was ultimately granted a tax deed to real property after providing notices to respondent-appellant Alvin Brooks pursuant to the Property Tax Code (Code). Brooks appeals from (1) the April 11, 2019 denial of his motion for summary judgment seeking dismissal of White's petition, (2) the August 1, 2019 order overruling his objections to White's petition, (3) the August 16, 2019 order directing the Cook County Clerk to issue a tax deed to White, and (4) the denial of Brooks' motion to reconsider. For the following reasons, we conclude that Brooks' challenges are without merit, and thus we affirm the challenged orders.

¶ 2                                      BACKGROUND

¶ 3 This appeal arises from the non-payment of taxes and subsequent tax sale of real property located at 1930 Asbury Avenue, Evanston, Illinois (the property). At a tax sale on July 13, 2017, White purchased the property after a successful bid of $5,100. The certificate of purchase reflects that the "Tax Years Delinquent" were "[20]09-15" and that the "total principal amount due" was $24,703.28. There is no dispute that Brooks was the party in whose name the property taxes were last assessed.

¶ 4 On November 15, 2017, White filed in the circuit court a notice of sale to be provided to Brooks, pursuant to section 22-5 of the Code. 35 ILCS 200/22-5 (West 2016) (requiring that "within 4 months and 15 days after any sale held under this Code, the purchaser or his or her assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed"). The section 22-5 notice stated that the property had been sold for delinquent taxes and that the period of redemption for the sale would expire on March 15, 2018. White subsequently extended the expiration of the redemption period a number of times, with a final extension of that date to December 19, 2018.

¶ 5    White filed a petition for tax deed on June 20, 2018, which stated that the "time for redemption will expire on December 19, 2018." White averred that "All notices required by law to be given will be given prior to the entry of an Order Directing the Issuance of a Tax Deed."

¶ 6    Also on June 20, 2018, White tendered a notice pursuant to section 22-10 of the Code, under which a party seeking a tax deed must give notice "not less than 3 months nor more than 6 months prior to the expiration of the period of redemption" to "owners, occupants, and parties interested in the property." 35 ILCS 200/22-10 (West 2018). The section 22-10 notice was directed to Brooks, among other parties. The bottom of the section 22-10 notice included White's name as "Purchaser or Assignee" as well as the contact information for Jeff Tutt, the attorney who filed the petition on White's behalf.

¶ 7    White also provided to the Clerk of the Circuit Court of Cook County a notice pursuant to section 22-25 of the Code, which requires the purchaser to "deliver to the clerk of the Circuit Court" a notice to be mailed by the clerk to interested parties. 35 ILCS 200/22-25 (West 2018).  White's section 22-25 notice specified that it was to be mailed to Brooks, as well as to Chicago Title Land Trust Company. The section 22-25 notice named White as the "Purchaser or Assignee." The notice also included the signature of Dorothy Brown, as Clerk of the Circuit Court, and was dated June 20, 2018.

¶ 8    On January 4, 2019, White filed an application for an order directing the Cook County Clerk to issue a tax deed for the property. The application identified Brooks, Chicago Title Land Trust Company, and the City of Evanston as the "owners, occupants, and parties interested in the subject property." The application attached, as "evidence of search of public records," a "Tract Search Report" by the Thompson Abstract Company, which report stated an "Effective Date" of October 26, 2017.

¶ 9    On February 7, 2019, Brooks filed an objection to White's petition for a tax deed. Brooks alleged that White had failed to "strictly comply" with provisions of the Code governing notice, and that White's attempts to serve interested parties were "deficient and inadequate" and violated the requirements for notice under the Code. Among other alleged errors, Brooks claimed in his objection that White's section 22-25 notice failed to comply with the "mandated form" set forth in that section of the Code.

¶ 10   On February 13, 2019, attorneys Richard D. Glickman and Steven E. Friedman filed appearances as counsel for White.

¶ 11   Brooks filed a motion for summary judgment on February 21, 2019, followed by an amended motion for summary judgment on March 7, 2019. In the amended motion, Brooks claimed that the section 22-25 notice was deficient because it included the name of both the tax purchaser (White) and the name and signature of the Cook County clerk, whereas section 22-25 says that such notice "shall bear the signature of the clerk *instead of* the name of the purchaser or assignee." 35 ILCS 200/22-25 (West 2018) (emphasis added.) Thus, Brooks argued the section 22-25 notice was not in "strict compliance" with the notice provisions, as required by section 22-40 of the Code. 35 ILCS 200/22-40 (West 2018). On this basis, Brooks argued that White's petition for tax deed must be denied.

¶ 12   Also on March 7, 2019, Brooks filed "Amended Objections" to the petition for tax deed. Those objections included the same argument that the section 22-25 notice was defective because it included White's name in addition to the signature of the clerk of the circuit court of Cook County.

¶ 13   On March 19, 2019, White filed a response to the motion for summary judgment in which she averred that the section 22-25 notice was in strict compliance with the statute, since it was "signed exclusively by Dorothy Brown." White did not dispute that the notice also identified White as the

purchaser of the subject tax certificate, but she argued that section 22-25 did not bar a notice from including additional information about "who the owner of the certificate is." White argued that although courts have found "strict compliance" is lacking where requisite information is omitted from such notices, Illinois courts have not held that additional information constitutes non-compliance. White maintained that inclusion of her name did not affect the validity of the section 22-25 notice, as "no requisite information was omitted or substituted for."

¶ 14    On April 1, 2019, Brooks filed a reply in which he maintained that the statutory language that a section 22-25 notice "shall bear the signature of the clerk instead of the name of the purchaser" (35 ILCS 200/22-25 (West 2018)) was an "unambiguous prohibition" against inclusion of the purchaser's name.

¶ 15    The record reflects that a hearing on Brooks' amended motion for summary judgment was held on April 11, 2019. The record does not contain any transcript from that hearing, but it contains an order denying Brooks' motion for summary judgment on that date. The order does not set forth the reasons that the motion was denied. The same order stated that the "matter is set for prove-up on Petitioner White's application for a tax deed on May 8, 2019."

¶ 16    The court held a "prove-up" hearing on May 8, 2019, the transcript of which is contained in the record. White testified that she purchased the subject tax certificate in July 2017 and described the property as a "vacant lot." She visited the property a number of times in June 2018 and thereafter, but she saw no indication the property was being used by anyone.

¶ 17    Glickman, one of White's attorneys, was sworn as a witness and testified that he was retained by White in January 2019. He testified that, in order to identify the necessary parties for service, he reviewed the abstract of title with the October 26, 2017 effective date. He also testified that he "did

a search of the Recorder of Deed's office to find out if there were any additional recordings" against the property, but he found none.

¶ 18    Glickman identified the necessary parties as Brooks, Chicago Title Land Trust Company as Trustee under Trust No. LT-04-7706, the City of Evanston, and the Cook County Clerk. He identified affidavits of service reflecting that the sheriff served those parties. Glickman also testified that he checked with the Clerk of the Circuit Court to ensure that "notices pursuant to section 22-25 were sent out within the notice-serving period."

¶ 19    On cross-examination, Glickman acknowledged that since he was not retained until January 2019, he was not White's counsel during the notice-serving period. He did not know who had checked public records on White's behalf to identify interested parties during the notice-serving period. He acknowledged he did not check the Cook County Clerk's Office for interested parties. Glickman answered negatively when asked if White "had cause to check the Cook County Clerk's Office during the notice-serving period as part of its due diligence." Glickman testified that he believed White's section 22-25 and section 22-10 notices complied with statutory requirements.

¶ 20    Also on cross-examination, Brooks' counsel showed Glickman a certified copy of a tax sale judgment book from the Cook County Clerk's office, which reflected that a tax certification for the property's delinquent 2016 taxes was purchased at a May 4, 2018 tax sale. That subsequent tax purchaser's full name is not clear from that document, but the purchaser's name contains the words "Owczarek 401k".[1] Glickman acknowledged that Owczarek was not named as an interested party in White's petition for tax deed. Glickman did not know why Owczarek was not served, but he answered negatively when asked if Owczarek should have been served.

---

[1] For ease of reference, we refer to the purchaser of the 2016 taxes as "Owczarek."

¶ 21 Glickman elsewhere acknowledged on cross-examination that the section 22-10 notice stated that the street address for the Cook County circuit court was "50 West Washington" but did not indicate whether it was on Washington "Street."

¶ 22 Following Glickman's testimony, Brooks testified that he conveyed the property to a land trust in 2004. Brooks identified a copy of a quitclaim deed and trust to North Star Trust Company bearing his signature. Brooks also identified a copy of a land trust agreement with North Star Trust Company that named him as beneficiary.

¶ 23 At the conclusion of the prove-up hearing, the court gave Brooks the opportunity to submit further written objections to the petition.

¶ 24 On May 28, 2019, Brooks submitted a "Second Amended Objection" to the petition for a tax deed. That filing incorporated the prior objections and further challenged the petition based on White's alleged failure to conduct due diligence and the failure to identify Owczarek as an interested party. Brooks asserted that White failed to show evidence of the requisite due diligence during the applicable notice serving period, from three to six months before the December 2018 redemption date. Brooks alleged that due diligence would have identified Owczarek as an interested party entitled to notice. Specifically, Brooks claimed that if White "had updated [her] Abstract of Title or searched the County property tax records" during the notice serving period, she would have learned of the May 4, 2018 tax sale to Owczarek. Brooks asserted that the failure to serve Owczarek independently warranted denial of the petition.

¶ 25 Brooks separately asserted that White's section 22-10 and section 22-25 notices were defective because they "fail to designate or identify the subject property's PIN number as the 'Legal Description or Property Index No.' " Brooks acknowledged these notices included the property's PIN number but claimed that their omission of the three words "Legal Description or" was a fatal

flaw. Separately, Brooks claimed that the section 22-10 and section 22-25 notices were defective because they stated the address of the circuit court of Cook County was "50 West Washington Chicago Illinois" instead of "50 West Washington *Street*, Chicago, Illinois." (emphasis added.)

¶ 26    The record reflects that the court held a hearing on June 5, 2019. A hearing transcript is not in the record, but the court issued an order continuing the hearing to June 27, 2019 "for further evidence."

¶ 27    White's counsel subsequently issued a subpoena to the Cook County Clerk's office for a representative of that office to appear and testify before the court. The subpoena called for the representative to bring records of the sale of Tax Certificate #16-0001257 to Owczarek, including "records of when the Annual Tax sale Judgment, Sale, Redemption and Forfeiture Book recording the sale of said certificate [to Owczarek] was available to the public."

¶ 28    The record reflects that the court conducted a hearing on June 27, 2019, at which it heard testimony from Margarett Zilligen from the Cook County Clerk's office. There is no transcript of that hearing in the appellate record, although Zilligen's testimony was summarized in the court's subsequent order, as discussed below.

¶ 29    On August 1, 2019, the court issued an order overruling Brooks' objections. The court first rejected Brooks' claim that White failed to prove that she did any "due diligence." The court pointed out that White "properly served the parties whose interest[s] were recorded as of the date the petition for tax deed was filed," that is, White served "the successor land trustee, Brooks, the City of Evanston, the City of Chicago and the [Cook County] Clerk." The court found that the "proper service of these parties *** proves that an adequate search was performed at least with regard to these parties."

¶ 30    The trial court then addressed Brooks' objection based on White's failure to name and serve Owczarek. The court acknowledged that our appellate court has held that a subsequent tax

purchaser is an interested party, citing *In re County Collector*, 391 Ill. App. 3d 656 (2009). The trial court recognized that the clerk's records reflected Owczarek purchased the delinquent 2016 property taxes on May 4, 2018, and so Owcarzek was "a party interested in the property entitled to notice."

¶ 31 However, the court found that the failure to serve Owczarek "does not end the inquiry," as it did not necessarily mean White failed to make a diligent inquiry. The court noted that White had presented "a witness from the County Clerk's office, Margarett Zilligen." According to the court's order:

> "Zilligen testified that with regard to the May 4, 2018 annual tax sale, information regarding whether the taxes were sold and the identity of the successful bidder were not entered on the Clerk's judgment books until after July 3, 2018. Nor was such information available on the 'Tax Portal' computers that are available to the public for review. In other words, none of the records that the Clerk makes available for the public to review included the results of the May 4, 2018 sale until sometime after July 3, 2018."

The court acknowledged that on cross-examination, Zilligen admitted that "the Clerk would have received the identity" of the tax buyer within two weeks after the sale, and that "if a member of the public were to make a specific inquiry with the Clerk's staff as to whether the taxes for a specific PIN were sold and to whom," the Clerk's staff could find that information. Zilligen also admitted that such information could be produced under the Freedom of Information Act (FOIA).

¶ 32 The court noted Brooks' arguments that (1) due diligence requires "inquiry beyond the public[ly] available records" and (2) that the "duty is ongoing during the notice-serving period." Nonetheless,

the court held that White had done adequate diligence. In doing so, the court recognized that whether a " 'purchaser's actions are sufficient to comprise due diligence in determining the identifies of, and providing notice to, those who hold an interest in the property is a question of fact.' " (quoting *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 213 (2002)).

¶ 33    The circuit court explained that:

> "there is no question of fact as to whether a search of the publicly available records of the clerk would have uncovered Owczarek's identity as of the date the petition was filed. They would not. Nor is there a question that these public records containing Owczarek's interest would have become available later during the notice serving period. As such, the question is one of how much diligence is due in this situation."

The court determined that a petitioner seeking a tax deed "need only review the public[ly] available records of the Clerk's office [at the time of filing the petition] to ascertain whether the subsequent taxes had been sold and to whom." The court noted that it was "hesitant to set a precedent that tax petitioners can and should rely upon non-public information from the Clerk's internal records."

¶ 34    The court also rejected the suggestion that White, as petitioner, had a "continuing duty to diligently search for additional interested parties throughout the notice-serving period." The court cited *In re Application of the County Collector*, 220 Ill. App. 3d 933, 938 (1991) for the proposition that there is no continuing duty to search for "interested parties whose interest[s] become of record after the initial diligence has been completed and the petition filed." Thus, the court overruled Brooks' objections based on the failure to identify and serve Owczarek.

¶ 35    The court proceeded to reject Brooks' claim that White's section 22-10 and section 22-25 notices were defective because they referred only to the "Property Index No.", whereas the statutory form of notice calls for the petitioner to provide the "Legal Description or Property Index No." The court found that the statutory form "clearly provides the tax buyer an option for describing the property—either the legal description or the PIN." Because White's notices provided the property's PIN, there was "no reason to include that portion of the form that refers to the legal description."

¶ 36    The court also rejected the claim that the notices were defective because they did not include the word "Street" in the address for the circuit court. The court observed that White's notices stated the matter was "set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois 60602." The court noted that section 22-10 "requires the courtroom number and street address of the courthouse" and that White's notices provided that information.

¶ 37    The August 1, 2019 order thus rejected all of Brooks' arguments, noting "[a]lthough Brooks [appears] to have abandoned certain of his objections, the Court has reviewed them all and overrules them." On August 16, 2019, the circuit court issued an order directing the county clerk to issue a tax deed to White, finding that "all notices required by law have been given."

¶ 38    On September 16, 2019, Brooks filed a motion to reconsider the order granting the petition for a tax deed. Brooks reasserted the argument that the section 22-25 notice did not comply with the statutory language calling for the signature of the clerk "instead of the name of the purchaser or assignee," because it included White's name as well as the clerk's signature. 35 ILCS 200/22-25 (West 2018). Brooks also reasserted that the section 22-10 and 22-25 notices were deficient because (1) they failed to include the words "Legal Description Or" and (2) they omitted the word

"Street" from the address of the Daley Center. Brooks' motion to reconsider was denied on January 9, 2020.

¶ 39   On February 10, 2020, Brooks filed a notice of appeal specifying that he sought reversal of (1) the April 11, 2019 order denying his "Amended Motion for Summary Judgment," (2) the August 1, 2019 order denying the Second Amended Objections to the petition, (3) the August 16, 2019 order directing the County Clerk to issue a tax deed to White, and (4) the denial of Brooks' motion to reconsider.

¶ 40   Brooks' appellate brief was filed on November 30, 2020. On December 29, 2020 Brooks moved for leave to file an amended brief *instanter*, which this court allowed.

¶ 41   On December 31, 2020, White's former counsel in this appeal (Steven E. Friedman) filed a motion to withdraw, which this court allowed on January 5, 2021. White filed a *pro se* appearance in this court on January 13, 2021. However, White never filed a brief as appellee. In May 2021, our court ordered that we would take this case on the record and Brooks' brief only.

¶ 42                                    ANALYSIS

¶ 43   On appeal, Brooks asserts several arguments as to why the petition for a tax deed should not have been granted. As in the trial court, he urges a number of defects in White's section 22-10 and section 22-25 notices, such that White failed to meet the requisite "strict compliance" with the governing statutory provisions. In addition to those technical defects, Brooks argues that White failed to conduct the requisite "diligent inquiry" to identify and serve Owczarek as an interested party. For the following reasons, we conclude that all of Brooks' arguments are without merit.

¶ 44   Applicable Code Provisions Governing the Required Notices

¶ 45   As this appeal concerns application of the various Property Tax Code provisions specifying the requisite notices before one may obtain a tax deed, we review those statutes. "The Code sets forth

-12-

various notice requirements for obtaining a tax deed." *In re Application of County Collector For Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2009*, 2015 IL App (4th) 140810, ¶ 25 (hereinafter *Gupta*).

¶ 46 Pursuant to section 22-5, within 4 months and 15 days after a tax sale, the tax purchaser must deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed. *Id.*; 35 ILCS 200/22-5 (West 2018). That notice advises the recipient that the property has been sold for delinquent taxes, the amount which must be paid to redeem the property, the date that the redemption period expires, and that a petition for issuance of a tax deed transferring title the property will be filed if redemption is not made. *Gupta*, 2015 IL App (4th) 140810, ¶ 25 (citing 35 ILCS 200/22-5 (West 2012)).

¶ 47 Further, to be entitled to a tax deed, section 22-10 of the Code also requires a tax purchaser to send a notice to "owners, occupants, and parties interested in the property, including any mortgagee of record." 35 ILCS 200/22-10 (West 2018). A section 22-10 notice "must be given 'not less than 3 months nor more than 6 months prior to the expiration of the period of redemption' and must give 'notice of the sale and the date of expiration of the period of redemption.' " *Gupta*, 2015 IL App (4th) 140810, ¶ 26 (quoting 35 ILCS 200/22-10 (West 2012)).

¶ 48 Section 22-10 specifies that the notice shall be "in the following form completely filled in":

"TAX DEED NO. .................... FILED ....................

TAKE NOTICE

County of

Date Premises Sold

Certificate No.

Sold for General Taxes of (year)

Sold for Special Assessment of (Municipality)

and special assessment number

Warrant No. ................ Inst. No. .................

THIS PROPERTY HAS BEEN SOLD FOR
DELINQUENT TAXES

Property located at

Legal Description or Property Index No.

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on

The amount to redeem is subject to increase at 6 month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the county clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before

This matter is set for hearing in the Circuit Court of this county in ...., Illinois on ....

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY
TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before .... by applying to the County Clerk of ...., County, Illinois at the Office of the County Clerk in ...., Illinois.

For further information contact the County Clerk

ADDRESS:....................
TELEPHONE:.................

> Purchaser or Assignee.
> Dated (insert date)." 35 ILCS 200/22-10 (West 2018).

Section 22-10 further provides that, "[i]n counties with 3,000,000 or more inhabitants, the notice shall also state the address, room number and time at which the matter is set for hearing." *Id.*

¶ 49 Section 22-15 requires the section 22-10 notice to be published in a newspaper and to be served by a sheriff "upon owners who reside on any part of the property sold by leaving a copy of the notice with those owners personally." 35 ILCS 200/22-15 (West 2018). The same form of notice must also be served "upon all other owners and parties interested in the property, if upon diligent inquiry they can be found in the county, and upon the occupants of the property." 35 ILCS 200/22-15 (West 2018).

¶ 50 Section 22-25 additionally requires the purchaser to provide a separate notice to be served by the clerk of the circuit court via certified mail to "owners of the property at their last known addresses, and to those persons who are entitled to service of notice as occupants." 35 ILCS 200/22-25 (West 2018). The statute specifies that the section 22-25 notice shall be "identical" to the form of a section 22-10 notice, with certain explicit exceptions:

> "In addition to the notice required to be served not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, the purchaser or his or her assignees shall prepare and deliver to the clerk of the Circuit Court of the county in which the property is located, the notice provided for in this Section, together with the statutory costs for mailing the notice by certified mail, return receipt requested. *The form of notice to be mailed by the clerk shall be identical in form to that provided by Section 22-10 for*

*service upon owners residing upon the property sold, except that it shall bear the signature of the clerk instead of the name of the purchaser or assignee and shall designate the parties to whom it is to be mailed.*" (Emphasis added.) 35 ILCS 200/22-25 (West 2018).

¶ 51    Under section 22-30, at any time "within 6 months but not less than 3 months prior to the expiration period", a tax purchaser may file a petition "asking that the court direct the county clerk to issue a tax deed if the property is not redeemed from the sale." 35 ILCS 200/22-30 (West 2018). "Notice of filing the petition and the date on which the petitioner intends to apply for an order on the petition that a deed be issued if the property is not redeemed shall be given to occupants, owners and persons interested in the property as part of the notice provided in Sections 22-10 through 22-25." *Id.*

¶ 52    Section 22-40 of the Code specifies that the court shall direct the issuance of a tax deed only if certain conditions are met, including that "the notices required by law have been given." 35 ILCS 200/22-40 (West 2018). In doing so, "[t]he court shall insist on strict compliance with Section 22-10 through 22-25." *Id.* " 'It is well established a tax purchaser must strictly comply with the statutory notice requirements and such notice provisions are to be 'rigidly enforced.' " *Gupta*, 2015 IL App (4th) 140810, ¶ 28 (quoting *In re Application of the Douglas County Treasurer & ex officio County Collector*, 2014 IL App (4th) 130261, ¶ 34). "The petitioner for a tax deed carries the burden of demonstrating that it complied with the Code and provided the requisite notice. [Citation.]" *In re Application of the County Treasurer and Ex Officio County Collector of Cook County, Illinois*, 2011 IL App (1st) 101966, ¶ 44 (hereinafter *Ghlory*).

¶ 53    <u>The Section 22-25 Notice Was Not Deficient Because It Included White's Name in Addition to the Clerk's Signature</u>

¶ 54    We turn to Brooks' argument that White was not entitled to a tax deed because the section 22-25 notice did not comply with the form of notice required by that statute. Specifically, Brooks points out that White's section 22-25 notice identified White as "Purchaser or Assignee", in addition to containing the signature of the Clerk of the Circuit Court. Brooks argues that this violates section 22-25's instruction that the form of notice to be mailed by the clerk "shall be identical in form to that provided by Section 22-10 for service upon owners residing upon the property sold, *except that it shall bear the signature of the clerk instead of the name of the purchaser or assignee* and shall designate the parties to whom it is to be mailed." (Emphasis added.) 35 ILCS 200/22-25 (West 2018).

¶ 55    At the outset, we note that Brooks raised this argument in his amended motion for summary judgment, which was denied on April 11, 2019. The record indicates that the court held a hearing on that date, although no transcript is included in the record. Further, the April 11, 2019 written order does not state the reasoning for the court's decision. We are mindful that "[i]t is the appellant's duty to provide on appeal a sufficiently complete record of the lower court proceedings to support his claims of error." *US Bank, Nat. Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 16. "[I]n the absence of such a record on appeal we will "resolve any doubts arising from the incompleteness of the record against the appellant." *Id.*

¶ 56    Nevertheless, Brooks' failure to include the hearing transcript does not preclude our review of whether the section 22-25 notice was statutorily compliant. Whether section 22-25 is violated by the inclusion of the petitioner's name presents a matter of statutory construction, which is subject to *de novo* review. *In re County Treasurer*, 2013 IL App (1st) 130103, ¶ 10 ("Reviewing courts use the *de novo* standard of review when engaging in statutory construction."); see also *Ghlory*, 2011 IL App (1st) 101966, ¶ 20 (the determination of the standard of compliance applicable to a

section 22-5 notice "presents a question of statutory construction, which we review *de novo*.").

"*De novo* consideration means we perform the same analysis that a trial judge would perform. [Citation.]" *In re County Treasurer*, 2013 IL App (1st) 130103, ¶ 10.

¶ 57 We apply the following principles of statutory construction:

"A reviewing court's primary objective in performing statutory construction is to give effect to the legislature's intent. [Citation.] The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. [Citation]. When statutory language is clear, it must be given effect without resort to other tools of interpretation. [Citation.] Generally statutory language is considered ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. [Citation.] We always presume that the legislature did not intend to create absurd, inconvenient, or unjust results. [Citation.] Reviewing courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it, and avoiding constructions that would render any term meaningless or superfluous. [Citation.]" *In re County Treasurer*, 2013 IL App (1st) 130103, ¶ 9.

¶ 58 Brooks claims that the inclusion of White's name in a section 22-25 notice violated the statutory instruction that a notice under that provision "shall be identical in form to that provided by Section 22-10 ***, *except that it shall bear the signature of the clerk instead of the name of the purchaser or assignee*." (Emphasis added.) 35 ILCS 200/22-25 (West 2018). Brooks argues that this statutory

language is clear and unambiguous that the name of the purchaser cannot appear on a section 22-25 notice, even in addition to the clerk's signature. Specifically, he argues that the phrase "instead of", as defined by dictionaries and in "common, everyday usage" means "in lieu of, or in place of, or rather than, or alternatively, or as opposed to, etc." Brooks points out that the legislature specifically added the "instead of the name of the purchaser was assignee" phrase to section 22-25 in Public Act 97-557, which became effective in 2012. Pub. Act. 97-557 (eff. July 1, 2012) (amending 35 ILCS 200/22-25 (West 2012)). Brooks further emphasizes that section 22-40 instructs that "strict compliance" applies to a section 22-25 notice. 35 ILCS 200/22-40 (West 2018).

¶ 59 We reject White's argument that the mere inclusion of the purchaser's name in a section 22-25 notice is a basis to deny a tax deed. Although the language at issue clearly requires the clerk's signature, we do not read the statute to prohibit the name of the purchaser. That is, we reject White's suggestion that stating the purchaser's name in addition to the signature of the clerk of the circuit court violates section 22-25. Rather, White's name was merely additional information that was not explicitly required. As White argued in the trial court, this situation is plainly distinguishable from cases denying a tax deed where the petitioner *omits* required information. That is, we do not find that the inclusion of this additional information constitutes non-compliance with the statute.

¶ 60 Viewing section 22-10 in conjunction with section 22-25, it is clear that the purpose of the "instead of" clause is to simply to ensure inclusion of the clerk's signature in the section 22-25 notice, which White complied with. Section 22-10 provides a notice form that the purchaser must send to the owner and interested parties, which includes a signature line for the "Purchaser or Assignee." Section 22-25 requires the petitioner to provide the Clerk of the Circuit Court with the same form

that appears in section 22-10, "except that it shall bear the signature of the clerk instead of the name of the purchase or assignee." (Emphasis added.) 35 ILCS 200/22-25 (West 2018). It is entirely logical to require the clerk's signature, since the section 22-25 notice is to be "mailed by the clerk." *Id.*

¶ 61   Simply put, sections 22-10 and 22-25 require the same forms of notice, except that the 22-10 notice must be signed by the purchaser or assignee, whereas the section 22-25 notice must include the clerk's signature.  This is exactly what occurred in the notices here. Thus, White did not violate section 22-25.

¶ 62   We are mindful that section 22-40 requires "strict compliance with Section 22-10 through 22-25," 35 ILCS 200/22-40 (West 2018), but we find this standard was satisfied, since the section 22-25 form included the clerk's signature and all other required information. That is, we do not find that inclusion of additional information (the purchaser's name) violated the requisite "strict compliance." In this regard, we are mindful that our court has found that "strict compliance" is not met where statutorily required information was erroneous or omitted from a notice. See, e.g., *In re Application of the County Treasurer*, 2013 IL App (1st) 130463 (hereinafter *Equity One*) (affirming the denial of a petition for a tax deed because a section 22-5 notice failed to identify the municipality where the subject property was located); *Ghlory*, 2011 IL App (1st) 101966 (affirming denial of tax deed where section 22-5 notice erroneously listed a Saturday as the expiration date of the redemption period, when the correct date was the following Monday); *Midwest Real Estate Investment*, 295 Ill. App. 3d 703 (1998) (petitioner not entitled to tax deed where the section 22-10 notice stated the "Certificate No." was "25017" when the full number was "91-0025017."). That precedent is inapplicable to the instant situation, where White simply included extra information that was factually correct but not specifically required. We discern no

viable reason why the legislature would intend inclusion of the purchaser's name on the section 22-25 form would invalidate that notice, and we will not interpret the statute to mandate such a result. We thus reject Brooks' argument that the inclusion of White's name in the section 22-25 notice precluded issuance of a tax deed.

¶ 63    The Lack of the Phrase "Legal Description Or" Did Not Invalidate the Notices

¶ 64    We turn to another of Brooks' claimed technical defects in the form of notice, which we also find unavailing. Specifically, Brooks claims that both the section 22-10 and 22-25 notices failed to strictly comply with statutory requirements, because they did not include the words "Legal Description Or." Brooks grounds this argument in the fact that the form of notice set forth in section 22-10 includes a space for the petitioner to provide the subject property's "Legal Description or Property Index No." 35 ILCS 200/22-10 (West 2018).

¶ 65    Brooks does not dispute that White's section 22-10 and section 22-25 notices did, in fact, specify the subject property's correct property index number. Nevertheless, he maintains that their failure to include the words "Legal Description Or" means that White failed to comply with section 22-10's instruction that the notice form shall be "completely filled in." *Id.*

¶ 66    Unsurprisingly, Brooks does not cite a case suggesting that a section 22-10 or 22-25 notice must include all of the exact words "Legal Description or Property Index No" in order to satisfy the statute. Rather, we agree with the trial court's interpretation of the phrase "Legal Description or Property Index No." found in the statutory form of notice. That portion of the form, (specifically, the word "or") clearly gives the petitioner the option of specifying *either* the legal description, or the property index number. Here, White's forms satisfied that requirement by including the property index number. In turn, it would be superfluous for White to include the words "Legal Description Or." These words were simply not required, given White's inclusion of the property

index number. Thus, even under a strict compliance standard, the lack of the words "Legal Description Or" did not undermine the validity of the section 22-10 or section 22-25 notices to Brooks. We thus reject Brooks' claim that this omission precluded issuance of a tax deed.

¶ 67    Omission of "Street" from the Circuit Court's Address Did Not Invalidate the Notices

¶ 68    We turn to Brooks' contention that the section 22-10 and 22-25 notices were non-compliant because they failed to include the "full and complete address" for the Circuit Court of Cook County, as they did not include the word "Street" or "St." after the word "Washington."  Brooks urges that this was a "fatal error because the street address supplied does not meet the 'strict compliance' mandate of section 22-40." We reject this argument.

¶ 69    Section 22-10 requires that, in counties with more than 3 million inhabitants, "the notice shall also state the address, room number and time at which the matter is set for hearing." 35 ILCS 200/22-10 (West 2018). A section 22-25 notice shall be "identical in form to that provided by Section 22-10" except with respect to the clerk's signature. 35 ILCS 200/22-25 (West 2018).  Section 22-40 requires "strict compliance" with both section 22-10 and section 22-25. 35 ILCS 200/22-40 (West 2018).

¶ 70    Here, White's section 22-10 and section 22-25 notices specified that the matter was "set for hearing in the Circuit Court of Cook County, in Courtroom 104 Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602." This information adequately conveyed the "address" of the courthouse, as required by section 22-10. Thus, we find that the notices strictly complied with section 22-10 and section 22-25.

¶ 71    We are mindful that our court has held that a notice referring to the "Daley Center," without any street address, does not strictly comply with section 22-10.  *In re County Collector*, 356 Ill. App. 3d 668, 674 (2005) (hereinafter "*Dream Sites*") (concluding "the trial court erred in finding that

the name of the building, the Daley Center, constituted an address complying with the statutory requirements of section 22-10 of the Code."). However, *Dream Sites* actually confirms that the information provided in White's notices meets the definition of an "address."

¶ 72    In *Dream Sites,* this court explained that the legislature, in amending section 22-10 to require an address, "intended that the notices required by this section would include the street address of the courthouse in question, including the Daley Center."   *Id*. at 673. After reciting dictionary definitions of "address", we explained:

> "The common and ordinary meaning of the term address, as defined
>
> above, clearly contemplates a number and street address. No
>
> reasonable argument can be made that the conventional meaning of
>
> 'address' does not encompass a number and street name. This is
>
> clearly the plain and ordinary meaning of 'address.'" *Id.* at 674.

¶ 73    Pursuant to *Dream Sites*, section 22-10's requirement of an "address" for the hearing site is satisfied by a number and street address. That information was provided here in White's section 22-10 and section 22-25 notices, as both stated the address of the courthouse as "50 West Washington, Chicago, Illinois, 60602." In other words, we do not find that the failure to specify that Washington is a "Street" constitutes non-compliance with section 22-10. As the notices contained all requisite information, we also find they satisfied section 22-40's "strict compliance" standard.

¶ 74    Moreover, we keep in mind that the function of the address requirement is undoubtedly to afford recipients sufficient information for them to find and attend the hearing. See *id.* at 672 ("[W]e are not concerned with mail reaching the Daley Center. Rather, we are concerned with human beings, individuals who are about to lose their property, reaching the Daley Center."). It cannot seriously

be argued that the omission of the single word "Street" or "St." compromised the ability of any notice recipient to find and attend the hearing, given the other information in the notices describing the location of the courthouse. For these reasons, we reject Brooks' argument that the section 22-10 and section 22-25 notices were defective due to the lack of the word "Street" or "St." in the stated address.

¶ 75    Inclusion of White's Attorney Information Did Not Invalidate the Section 22-10 Notice

¶ 76    The final technical defect urged by Brooks is one that he apparently raises for the first time on appeal. Brooks suggests that White's section 22-10 notice failed to comply with the statutorily prescribed form because it included the name and address of White's former counsel. Brooks suggests that inclusion of this "extraneous and confusing information" means that White did not strictly comply with section 22-10, insofar as the statutory form of notice "does not ask for" such information.

¶ 77    The record does not reflect that Brooks raised this claim before the trial court, and thus it is forfeited. " 'Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal.' " *Hebert v. Cunningham*, 2018 IL App (1st) 172135, ¶ 37 (quoting *Mabry v. Boler*, 2012 Il App (1st) 111464, ¶ 15.

¶ 78    In any event, even if we were to disregard forfeiture, this claim is without merit. Just as we rejected Brooks' contention that inclusion of additional information (White's name) invalidated the section 22-25 notice, we also decline to find that the inclusion of extra information invalidated the section 22-10 notice. That is, we reject the suggestion that a notice is rendered defective by the inclusion of additional information that was not explicitly required. Here, White's section 22-10 notice stated all the required information, including identification of White as the "purchaser or assignee." We

will not find non-compliance merely because White also elected to include the name and contact information of her counsel.

¶ 79    The Failure to Identify and Serve Owczarek Does Not Require Reversal

¶ 80    Having rejected Brooks' assertions that the section 22-10 and 22-25 notices were defective, we turn to his independent contention that White's failure to identify and serve Owczarek was fatal to the petition. Brooks points out that this court has held that a subsequent tax certificate purchaser is a party interested in the property under section 22-10 and entitled to notice. See *In re Application of County Collector*, 391 Ill. App. 3d 656 (2009) (hereinafter *Scott*). Brooks proceeds to argue that White's failure to identify Owczarek and serve him with notice demonstrates she failed to make the requisite diligent inquiry to identify interested parties. Specifically, he suggests that, after the petition was filed, White was required to conduct another search during the notice serving period as part of her "due diligence." He argues that if White "had updated h[er] Abstract of title (or searched the County property tax records)" during the notice serving period, she would have discovered the May 4, 2018 tax sale to Owczarek. As explained below, we reject this argument.

¶ 81    "The Code requires a tax purchaser to serve notice upon all individuals holding an interest in the property if their identifies can be discovered through diligent inquiry." *Glohry*, 2011 IL App (1st) 101966, ¶ 44. A diligent inquiry is that " 'which a diligent person who is intent on discovering a fact would reasonably make.' " *Gupta*, 2015 IL App (4th) 140810, ¶ 29 (quoting *Glohry*, 2011 IL App (1st) 101966, ¶ 44). " 'Whether the purchaser's actions are sufficient to comprise due diligence in determining the identities of, and providing notice to, those who hold an interest in the property is a question of fact.' " *Gupta*, 2015 IL App (4th) 140810, ¶ 30. "The trial court's determination as to diligence 'will not be reversed on appeal unless it is against the manifest weight of the evidence.' " *Id*. (quoting *Gacki v. La Salle National Bank*, 282 Ill. App. 3d 961, 964 (1996)).

A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 82 In overruling Brooks' objections, the circuit court concluded that White made a diligent inquiry, notwithstanding the failure to name and serve Owczarek, since Owczarek "could not have been found by diligent inquiry at the time the petition for tax deed was filed." The court apparently relied on Zilligan's testimony that public records as of the petition's filing in June 2018 would *not* have revealed Owczarek's interest. The court found "a petitioner need only review the publicly available records of the clerk's office to ascertain whether the subsequent tax had been sold and to whom. In other words, the trial court found that White demonstrated requisite diligence by naming the interested parties who were discoverable through public records as of the time the petition was filed. We cannot say that conclusion was unreasonable or against the manifest weight of the evidence.

¶ 83 Brooks does not dispute the fact that, at the time the petition was filed in June 2018, public records did not yet reflect Owczarek's May 4, 2018 purchase of the delinquent 2016 taxes. Nor could he, as the relevant testimony is not contained in the record.[2] Thus, Brooks' argument that Owczarek should have been served boils down to claims that, to satisfy the requisite "diligent inquiry," White was required to (1) make a specific inquiry with the Clerk to access *non-public* records, or (2) undertake an additional search of public records during the notice-serving period. Brooks cites no supporting authority, and we decline to adopt either proposition.

---

[2]It is Brooks' burden, as appellant, to present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding. Instead, absent a record, 'it [is] presumed that the order entered by the trial court [is] in conformity with the law and had a sufficient factual basis.' " *Id.* (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389

¶ 84    First, while the Code requires a diligent inquiry, we do not interpret this to contemplate a search of non-public records. Our court has held that a failure to check *public* records is insufficient diligence. See *Gupta,* 2015 IL App (4th) 140810, ¶ 33 ("Interested parties *** whose names and addresses can be readily ascertained from public records have a constitutional right to notice of tax deed proceedings, and the failure of the tax sale purchaser to consult the public records to make this determination constitutes a lack of diligence."). This court has also held that "a petitioner must make a diligent inquiry and effort to notify parties whose interest may reasonably be *inferred* from the public record. [Citation.]" (Emphasis in original). *Glohry*, 2011 IL App (1st) 101966, ¶ 51. However, we think *Ghlory* is distinguishable from the instant situation.

¶ 85    In *Ghlory*, the record owner (Garcia) executed two promissory notes in favor of MILA, Inc. and granted two mortgages to Mortgage Electronic Registration Systems, Inc. (MERS). MILA assigned the promissory notes to IndyMac Bank, which in turn assigned them to Deutsche Bank National Trust Company (Deutsche), the current noteholder. *Id.* 3. OneWest Bank became the servicer to both notes. *Id.* ¶ 7. The property was purchased at auction and assigned to the tax deed petitioner (who coincidentally was represented by Richard Glickman, White's counsel in the instant case). The petitioner's tax deed application identified Garcia, MERS and MILA as owners, occupants and parties interested in the property. *Id.* ¶ 8. OneWest Bank filed an objection on the ground that petitioner's list of interested parties entitled to notice under section 22-10 was incomplete.   At a subsequent hearing, Glickman testified that he did not believe that he was obligated to contact MERS to obtain the name of the current noteholder, nor did he believe that both the current noteholder and MERS should be served with notice. *Id. ¶* 14.

¶ 86    On appeal, this court concluded that petitioner failed to make a diligent inquiry to identify and serve all interested parties. The court reasoned that since the recorded mortgage documents

identified MILA as the lender and stated that MERS "was acting solely as nominee for not only the lenders but also for the lender's successors and assigns," "interests held by MILA's successors and assigns can be inferred from the record." *Id.* ¶ 45. The court concluded that since Glickman "had reason to infer *** that MILA's interest was reasonably likely to have been conveyed to a successor with an interest in the property but did not utilize the contact information provided in the recorded documents to obtain further information, the trial court's finding that petitioner acted with due diligence is against the manifest weight of the evidence." *Id*. ¶ 51.

¶ 87    *Ghlory* makes clear that the requisite diligence includes "reasonable efforts to notify all persons whose interest may reasonably be inferred from the public records regarding the property's ownership." *Id. ¶* 44 (citing *In re County Treasurer*, 347 Ill. App. 3d 769 (2004)). Nonetheless, the instant case does not resemble *Ghlory*, as the record does not suggest that Owczarek's interest or identity could be reasonably inferred from public records when the petition was filed. Rather, Zilligen apparently testified that Owczarek's interest could only have been discovered through non-public records or through a FOIA request. Our precedent does not require such a search of non-public records, at least where (as here) there is no indication that an additional interested party could be inferred from the public record.

¶ 88    Nor do we find support for Brooks' suggestion that "due diligence" required White to undertake a subsequent search of public records during the notice-serving period, which would have revealed Owczarek's interest as a subsequent tax purchaser. Brooks draws our attention to *In re Application of the County Collector* ("*Scott* "), 391 Ill. App. 3d 656 (2009), but we do not find it dispositive on this specific question of due diligence. In *Scott,* this court affirmed the denial of a petition for tax deed on the basis that the petitioner failed to serve notice on a subsequent tax purchaser. Our court held, as a matter of first impression, that "a subsequent tax purchaser is a party 'interested in

the property' and is entitled to notice" under section 22-10. *Id.* at 662 (quoting 35 ILCS 200/22-10 (West 2006))). As the trial court in this case recognized, pursuant to *Scott*, Owczarek was an interested party and entitled to notice. However, the *Scott* opinion does not reflect any dispute as to whether a diligent inquiry would have identified the subsequent tax purchaser. That is not surprising, as *Scott* indicates that the tax purchaser bought the corresponding tax certificates over five months before the filing of the petition for tax deed. *Id.* at 658.

¶ 89 Thus, *Scott* simply does not address whether the failure to name and serve a subsequent tax purchaser is fatal to a petition, where the court heard evidence that the tax purchaser could not have been identified through public records until after the petition was filed. It certainly does not hold that a petitioner must make an additional search of public records after the petition was filed and during the notice serving period. We decline to find that such an additional search was necessary to constitute the requisite "diligent inquiry" in this case. In turn, we cannot say that the failure to serve Owczarek signals a lack of the requisite diligence.

¶ 90 We reiterate that the relevant inquiry is whether the trial court's determination of adequate diligence is against the manifest weight of the evidence. *Gupta*, 2015 IL App (4th) 140810, ¶ 30. Under the record presented, we cannot find that the trial court's conclusion was unreasonable or against the weight of the evidence.

¶ 91                                          CONCLUSION

¶ 92 In summary, we reject each of Brooks' challenges to the issuance of a tax deed. We find that the notices strictly complied with statutory requirements, notwithstanding Brooks' claims of error related to (1) the inclusion of White's name in the section 22-25 notice, (2) the failure to include the words "Legal Description Or" in the section 22-10 and 22-25 notices, (3) the lack of the word "Street" in the courthouse address provided in the section 22-10 and section 22-25 notices, or (4)

the inclusion of White's attorney's contact information in the section 22-10 notice. We also reject Brooks' argument that the failure to identify and serve Owczarek precluded the trial court from finding that White had made the requisite diligent inquiry to identify and serve interested parties.

¶ 93 For the foregoing reasons, we affirm each of the challenged orders: the April 2019 order denying Brooks' motion for summary judgment, the August 1, 2019 order overruling Brooks' objections, the August 16, 2019 order directing the County Clerk to issue a tax deed to White, and the January 9, 2020 denial of Brooks' motion to reconsider.

¶ 94 Affirmed.